UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT JONES, et al.,<br><br>Defendants. | No. 2:19-cv-0249 WBS AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

This is a case in which plaintiff has failed to abide by the terms of the settlement to which he agreed on June 4, 2019. The undersigned has issued two orders to show cause in response to plaintiff's failure to execute dispositional documents. ECF Nos. 13, 14. Plaintiff failed to respond to either order. Accordingly, and for the reasons set forth more fully below, the undersigned recommends that this action be dismissed with prejudice.

I. Background

On June 4, 2019, the undersigned conducted a settlement conference that resulted in a settlement agreement encompassing both the instant case and Wilson v. County of Sacramento et al., Case No. 2:18-cv-2427 KJM KJN P ("Wilson I"). The court directed the filing of final dispositional documents by August 5, 2019. On that date, defense counsel informed the court in Wilson I that they had fully complied with their obligations under the agreement and provided plaintiff with dispositional documents for his signature in both cases, but that plaintiff failed to

return the executed documents to defense counsel. See Wilson I, ECF No. 26. On August 8, 2019, the undersigned issued an order to show cause in both cases, requiring plaintiff's response within fourteen days. Plaintiff did not respond in either case. On September 4, 2019, defense counsel notified the court in Wilson I that plaintiff had refused to execute the parties' settlement agreement. Wilson I, ECF No. 29. On September 9, 2019, the undersigned issued the latest order in the instant case, directing plaintiff to show cause within fourteen days why this case should not be involuntarily dismissed with prejudice and extending the deadline for filing final dispositional documents to September 27, 2019. See ECF No. 14. Plaintiff did not respond to the order to show cause, and dispositional documents have not been filed.

II. Dismissal is Warranted for Failure to Comply with Court Orders

Plaintiff has indisputably failed to comply with three court orders: the order made orally at the settlement conference to execute a written settlement agreement and sign stipulations for dismissal, see ECF No. 12; the August 8 Order to Show Cause, ECF No. 13; and the September 9 Order to Show Cause, ECF No. 14.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61 (citations and internal quotation marks omitted).

All of these factors weigh in favor of dismissing the instant case. The first two factors – the public's interest in expeditious resolution of litigation, and the court's need to manage its docket – clearly support dismissal. The delays in this case are attributable to plaintiff alone, whose deliberate inaction has diverted the court's resources from case management and resolution to addressing plaintiff's sanctionable behavior. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. Defendants have already been prejudiced

1  because they have satisfied their obligation under the settlement agreement to apply funds to
2  plaintiff's restitution obligation with the Department of Revenue Recovery, see Wilson I, ECF
3  No. 26-1 at 17-19,[1] but have not received the benefit of their bargain in the form of dismissal of
4  the claims against them. The fourth factor, the public policy favoring disposition of cases on their
5  merits, does not weigh against dismissal, because the parties agreed at the settlement conference
6  to resolve the matters without litigation of the merits. Finally, the court finds that no sanction less
7  drastic than dismissal is warranted under these circumstances, thus rendering the fifth factor in
8  favor of dismissal. Dismissal with prejudice is required to prevent plaintiff from again attempting
9  to pursue the merits of this case, which would unfairly burden both the court and defense counsel.
10  Plaintiff has been provided repeated opportunities to communicate directly with the court in an
11  effort to resolve his concerns. Therefore, the undersigned finds that all five Ferdik factors weigh
12  in favor of dismissing this case with prejudice.

13  In conclusion, the court finds that plaintiff's failure to respond to the undersigned's orders
14  to show cause, together with his failure to execute dispositional documents reflecting the terms of
15  the global settlement agreement with which he expressly agreed, warrant the immediate dismissal
16  of this case. Any further time spent by the court on this case would needlessly consume scarce
17  judicial resources. See Fed. R. Civ. P. 41(b); see also Local Rule 110 ("Failure of . . . a party to
18  comply with these Rules or with any order of the Court may be grounds for imposition by the
19  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
20  Court."); Local Rule 183(a) (a pro se party's failure to comply with the Federal Rules of Civil
21  Procedure, the court's Local Rules, and other applicable law may be ground for dismissal).

22  III.     Dismissal is Warranted to Enforce the Settlement Agreement

23  Plaintiff agreed at the settlement conference to dismiss this action with prejudice, and to
24  release defendants from liability for events occurring during his incarceration at Sacramento
25  County facilities, in exchange for a payment of $1,000.00. Plaintiff affirmed on the record his
26  understanding that this amount would be credited to his outstanding restitution obligation. He

---

[1] Defendants have produced copies of the check sent from Sacramento County to the Department of Revenue Recovery, and a print-out of plaintiff's restitution account documenting the credit.

3

agreed to sign a written settlement agreement memorializing the material terms that were agreed to orally at the conference. The undersigned has reviewed the settlement agreement that was forwarded to plaintiff by defense counsel, which plaintiff has refused to sign, and finds that it accurately reflects the agreement entered into orally at the settlement conference. See Wilson I, ECF No. 26-1 at 6-10 (Settlement Agreement and Release).

Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. Doi v. Halekulani Corporation, 276 F.3d 1131, 1131 (9th Cir. 2002). A settlement is complete, and binding on all the parties, when its material terms are confirmed orally on the record. Id. at 1138. Here as in Doi, plaintiff reached an oral agreement during off-the-record negotiations facilitated by the settlement judge, then indicated his agreement when the material terms were stated in open court. Accordingly, plaintiff may not now defeat the settlement agreement by failing to sign the necessary documents. See Gastile v. Virga, 2015 U.S. Dist. LEXIS 16161, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, 2015 U.S. Dist. LEXIS 75324, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016).

Plaintiff has twice been provided the opportunity to show cause for his non-performance. He has not provided any grounds for rescission of the agreement.[2] Having presided over the settlement conference, the undersigned finds that plaintiff was aware of all the materials terms of the settlement agreement, that his consent was freely given, and that there was no malfeasance on the part of defendants or defense counsel. Plaintiff has provided no information extrinsic to the settlement conference that would cast doubt on these findings.

Plaintiff is bound by his commitment to a stipulated dismissal of this action. Accordingly, the case should be dismissed with prejudice.

////

---

[2] A settlement agreement is a contract governed by state law. Doi, 276 F.3d at 1136. Under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.

4

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE